Term. The attorney for the plaintiff has undoubtedly a lien upon the recovery for his fees, and we think he should be allowed to conduct this appeal. In the event that the judgment is affirmed, the trustee in bankruptcy can take such action as he shall be advised to test the question as to whether the proceeds of the judgment should be paid to him for the benefit of creditors, or whether the plaintiff is entitled to receive the proceeds.

The motion is therefore denied without costs.

---

### PRAY v. NEW YORK STATE NAT. BANK OF ALBANY.

(Supreme Court, Appellate Division, Third Department. May 28, 1912.)

JUDGMENT (§ 256*)—CONFORMITY TO SPECIAL FINDINGS.

In an action to rescind an agreement executed by plaintiff transferring certain shares of stock to defendant and to have the transfer set aside, where the jury find that plaintiff thought she was pledging stock to secure debts contracted by the corporation issuing it and a firm of the same name, and where a further special finding that such transfer was without consideration was against the evidence, and apparently based on a misconstruction of the evidence, a judgment rescinding and setting aside the transfer was improper; the proper judgment being one adjudging that plaintiff did not intend to transfer the stock absolutely, but merely as security for debts.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

Appeal from Trial Term, Albany County.

Action by Alice E. Pray against the New York State National Bank of Albany. From a judgment for plaintiff on a decision of the court, and also from orders in the action, defendant appeals. Modified.

Argued before SMITH, P. J. and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Hun & Parker, of Albany, for appellant.

Joseph A. Lawson, of Albany, for respondent.

LYON, J. This is an appeal from a judgment entered upon the decision of Justice Howard, rendered at the Albany Trial Term held in March, 1910. The action was brought to reform an agreement dated December 23, 1904, transferring to the defendant certain shares of stock in the C. P. Easton corporation, and to have such transfer, which was absolute on its face, declared to be void and setting the same aside.

The court submitted to the jury as questions of fact:

First. "Did Alice E. Pray comprehend and understand the document of December 23, 1904, at the time she signed it?"

To this question the jury answer: "No."

Second. "Did Alice E. Pray understand at the time she signed the document of December 23, 1904, that she was transferring her stock to the bank absolutely?"

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

To this question the jury answer: "No."

Third. "Did Alice E. Pray at the time she signed the document of December 23, 1904, think she was pledging her stock to the bank to secure debts contracted by the firm of C. P. Easton & Co. and the corporation of the same name?"

To this question the jury answer: "Yes."

Fourth. "Did Alice E. Pray ever receive any consideration from the New York State National Bank for the transfer of her stock to it by the instrument of December 23, 1904?"

To this question the jury answer: "No."

The court adopted the verdict of the jury, and rendered its decision, upon which judgment in conformity thereto was entered against the defendant—

"that Alice E. Pray, the plaintiff herein, have judgment against New York State National Bank, Albany, the defendant herein, rescinding, annulling, declaring void, and setting aside the transfer by her of 320 shares of the preferred capital stock of the corporation of C. P. Easton & Co. to said defendant, said New York State National Bank, Albany, on or about the 23d day of December, 1904, and rescinding, annulling, declaring void, and setting aside so much of said contract, or agreement, bearing date December 23, 1904, as relates to the transfer by said Alice E. Pray to said New York State National Bank, Albany, of said 320 shares of capital stock as aforesaid and as hereinbefore adjudged to have been made and entered into between said Alice E. Pray and said New York State National Bank, Albany."

From such judgment the defendant appealed to this court.

It is evident from the testimony given upon the trial that the negative answer of the jury to the fourth question submitted to them was founded upon a misconception of the evidence, or a misunderstanding of what was necessary to constitute a consideration for the transfer by plaintiff of her stock to the defendant. Such finding is clearly against the evidence. It is plain from reading the record that the affirmative answer of the jury to question "Third" should have controlled the decision of the court, and that the order for judgment, and the judgment entered thereon, should have provided, instead of as above recited, as follows:

"That Alice E. Pray, the plaintiff herein, have judgment against New York State National Bank, Albany, the defendant herein, that said plaintiff never intended that said transfer of said 320 shares of the preferred capital stock of said corporation of C. P. Easton & Co. to the defendant, or that the transfer by her of all the shares constituting the capital stock of said corporation of C. P. Easton & Co., held by her, to the defendant, should be absolute and without limitation or equity of redemption, and should vest the entire and unqualified title thereto in the said New York State National Bank, but that said plaintiff did intend, by said contract or agreement, to transfer said shares of stock to the defendant as a further pledge or security for the indebtedness of the firm of C. P. Easton & Co., and of the corporation of C. P. Easton & Co. to said New York State National Bank, Albany."

Said judgment as so modified should be affirmed without costs.

Judgment modified as per opinion, and, as so modified, unanimously affirmed without costs. All concur.